IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE TRUJILLO,

    Plaintiff,

vs.                                                           Civ. No. 00-1682 JP/LCS (ACE)

BERNALILLO COUNTY, SERGEANT M. TURNER,
DEPUTY K. SHELDAHL, in their individual capacities
as employees of Bernalillo County,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On June 22, 2001, the Court entered a Memorandum Opinion and Order (Doc. No. 17) which denied the Defendants' Motion for Summary Judgment (Doc. No. 11). On July 3, 2001, the Defendants filed Defendants' Motion for Reconsideration of Court's Order Denying County Defendants' Motion for Summary Judgment (Doc. No. 19). Having considered the briefs and the relevant law, the Court finds that the motion for reconsideration should be denied.

The Defendants brought their motion for reconsideration under Fed. R. Civ. P. 59(e). A Rule 59(e) motion for reconsideration "should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Rule 59(e) may not be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to judgment." 11 Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d* §2810.1 at 127-28 (1995). In determining what is manifest error for purposes of Rule 59(e), courts have found that mere disagreement with a court's findings does not constitute manifest error. *See, e.g., Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *F.D.I.C. v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss.1993). In light of their narrow

purpose, Rule 59(e) motions are seldom granted. 11 Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d* §2810.1 at 128. The district court is vested with considerable discretion in determining whether to grant or deny a Rule 59(e) motion. *Phelps*, 122 F.3d at 1324.

As grounds for their Rule 59(e) motion for reconsideration, the Defendants "state[d] that the Court's Order does not reference the recent United States Supreme Court decision *Saucier v. Katz*, 121 S.Ct 2151 (2001) which discusses the doctrine of qualified immunity in cases where the plaintiff has brought allegations of excessive force." Defendants' Motion for Reconsideration of Court's Order Denying County Defendants' Motion for Summary Judgment at 1 (Doc. No. 19). However, the Court did in fact refer to *Saucier* in its June 22, 2001 Memorandum Opinion and Order at 5. After acknowledging in their reply brief that the Court had referred to *Saucier* in its June 22, 2001 Memorandum Opinion and Order, the Defendants then argued that the Court misapplied *Saucier* to the facts of this case. The Defendants' argument reflects a disagreement with the Court's reasoning in concluding that summary judgment was not appropriate. This disagreement is not a grounds for granting a Rule 59(e) motion for reconsideration.

IT IS ORDERED that Defendants' Motion for Reconsideration of Court's Order Denying County Defendants' Motion for Summary Judgment (Doc. No. 19) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE